IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02881-NYW

ABADE IRIZARRY

       Plaintiff,

v.

   A.  YEHIA BADGE #2097 (Lakewood Police Officer)

       Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6)**

---

Defendant Ahmed Yehia, by and through his attorneys, Hall & Evans, LLC, hereby moves to dismiss Plaintiff's Complaint and Jury Demand (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6),[1] as follows:

### STANDARD OF REVIEW

To state a claim for relief, a Federal complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ***Robbins v. Okla. Ex rel. Dep't of Human Servs.,*** 519 F.3d 1242 (10th Cir. 2008). A Fed. R. Civ. P. 12(b)(6) motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic

---

[1] Pursuant to D.C.COLO.LCivR 7.1(b)(2), undersigned counsel did not confer with Plaintiff regarding the relief requested herein.

recitation of the elements of a cause of action. … Factual allegations must be enough to raise a right to relief above the speculative level." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 545, (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." ***Id.*** at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." ***Id.***

At the pleading stage, it is not the defendant's or the Court's responsibility to guess at plaintiff's claims. ***Id***. The court may not assume that a plaintiff can prove facts that the plaintiff has not alleged or that the defendants have violated the laws in ways that the plaintiff has not alleged. Plaintiff must explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right the defendant violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

## INTRODUCTION

Plaintiff Abade Irizarry brings a single claim pursuant to 42 U.S.C. §1983, alleging the Defendant, City of Lakewood Police Officer Ahmed Yehia, violated his rights under the First Amendment of the United States Constitution while he was recording a DUI traffic stop. He generally alleges that Officer Yehia's actions constitute prior restraint and violation of the freedom of the press, in violation of his rights under the First Amendment. Officer Yehia now seeks dismissal of the Complaint, as Officer Yehia is entitled to qualified immunity.

## STATEMENT OF FACTS [2]

1. On May 26, 2019, Plaintiff Abade Irizarri and three other individuals, Eric Brandt, Elijah Westbrook and Michael Sexton, appeared at a DUI traffic stop to video record Lakewood police officers performing a roadside sobriety test near West Colfax Avenue and Reed Street in Lakewood, Colorado. (ECF 1, ¶¶ 9, 10, 12 and 14).

2. During the roadside test, Plaintiff recorded the scene utilizing his cellphone for broadcast through his social media platform. [ECF 1, ¶ 11].

3. The Lakewood police officers on scene advised Officer Yehia that four males had arrived on scene and were filming their traffic stop. [ECF 1, ¶ 12].

4. Officer Yehia, acting in his role as a peace officer under color of state law, subsequently arrived on scene in response to the other officers' request for help. Officer Yehia exited his vehicle and positioned himself between Plaintiff and the DUI investigation scene, allegedly to obstruct Plaintiff's view of the DUI scene. [ECF 1, ¶¶ 3, 14, and 15]. Plaintiff and Mr. Brandt loudly criticized Officer Yehia, who then allegedly created an obstruction of Plaintiff's and Mr. Brandt's camera view and intentionally shone a flashlight at Plaintiff and Mr. Brandt, allegedly saturating their camera's sensors. [ECF 1, ¶¶ 3, 18-20].

5. After Officer Yehia and other responding officers were told they were no longer needed, he subsequently left the scene, allegedly swerving his vehicle towards Plaintiff and

---

[2] Except where noted, these facts are taken from the Complaint and are accepted as true solely for purposes of this Motion to Dismiss. Officer Yehia reserves the right to dispute any of these alleged facts in any future proceeding.

3

pressing his air horn. [ECF 1, ¶¶ 20 - 21].

## **ARGUMENT**

### I.   DEFENDANT AHMED YEHIA IS ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S FIRST AMENDMENT CLAIM

#### A.  APPLICABLE LAW

Qualified immunity is an affirmative defense to claims brought pursuant to 42 U.S.C. § 1983. **Wilson v. Meeks**, 52 F.3d 1547, 1552 (10th Cir. 1995). Qualified immunity is not only a defense to liability; it provides immunity from suit. **Mitchell v. Forsyth,** 472 U.S. 511, 526 (1985); **Siegert v. Gilley,** 500 U.S. 226, 232 (1991). Courts should therefore resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage of litigation. **Medina v. Cram**, 252 F.3d 1124, 1127-28 (10th Cir. 2001). Qualified immunity protects all government officials performing discretionary functions from civil liability as long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. **Harlow v. Fitzgerald,** 457 U.S. 800, 818 (1982).

After an individual defendant raises qualified immunity, "[t]he plaintiff initially bears a heavy two-part burden when the defendant pleads the defense of qualified immunity." **Mick v. Brewer,** 76 F.3d 1127, 1134 (10th Cir. 1996); **Albright v. Rodriguez,** 51 F.3d 1531, 1534 (10th Cir. 1995); **Gross v. Pirtle,** 245 F.3d 1151, 1155 (10th Cir. 2001); **Scull v. New Mexico,** 236 F.3d 588, 595 (10th Cir. 2000). A plaintiff must demonstrate: (1) the defendant's conduct violated the law; and (2) the law was clearly established. **Albright,** 51 F.3d at 1535. A plaintiff must make this demonstration "on the facts alleged." **Quinn v. Young,** 780 F.3d 998, 1004 (10th Cir. 2015); **Riggins v. Goodman,** 572 F.3d 1101, 1107 (10th Cir. 2009). For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would

understand what he is doing violates that right. ***Wilson v. Montano,*** 715 F.3d 847, 852 (10th Cir.), *cert. denied,* 134 S.Ct. 426 (2013). "A plaintiff may satisfy this standard by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, 'the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" ***Quinn,*** 780 F.3d at 1005 (quoting ***Weise v. Casper,*** 593 F.3d 1163, 1167 (10th Cir. 2010)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." ***Ashcroft v. al-Kidd***, 131 S. Ct. 2074, 2085 (2011). It protects law enforcement officers from "bad guesses in gray areas," and ensures that they are liable only "for transgressing bright lines." ***Maciariello v. Sumner***, 973 F.2d 295, 298 (4th Cir. 1992).  As the Supreme Court noted in ***White v. Pauly,*** 137 S.Ct. 548, 551 (2017), "clearly established law" should not be defined 'at a high level of generality.' As this Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case. Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" [internal citations omitted].

> **B.      DEFENDANT YEHIA DID NOT VIOLATE PLAINTIFF'S FIRST AMENDMENT RIGHTS AS A MATTER OF LAW**

Plaintiff's allegation that Officer Yehia's interference with his ability to record the DUI investigation constitutes prior restraint/freedom of press violations under the First Amendment, and was done to "punish" Plaintiff for engaging in activity protected by the First Amendment, is without merit. "A prior restraint on speech is conduct that restricts, or 'chills,' speech because of its content before the speech is communicated." ***Berger v. City & Cty. Of Denver***, 2019 U.S. Dist. LEXIS 98643, *14, citing  ***Dixon v. Kirkpatrick***, 553 F.3d 1294, 1308 (10th Cir. 2009). "In

addition to the requirement that the anticipated speech involve a matter of public concern, the Supreme Court has provided that the following four elements must be proven to establish a traditional prior restraint claim: (1) the speaker must apply to the decision maker for approval before engaging in the proposed speech; (2) the decision maker must be empowered to determine whether the applicant should be granted permission on the basis of its review of the content of the proposed communication; (3) approval of the application requires the decision maker's affirmative action; and (4) approval is not a matter of routine, but involves appraisal of facts, the exercise of judgment, and the formation of an opinion." *Id.* at *14 – 15, citing ***SE Promotions, Ltd. v. Conrad***, 420 U.S. 546, 554 (1975). Less formal conduct "can also rise to the level of a prior restraint, such as where an employer directs an employee not to speak on a certain subject matter." *Id.* A prior restraint claim is distinct from a retaliation claim because it is based on a restriction that "chills potential speech before it happens," rather than "an adverse action taken in response to actual speech." ***Brammer-Hoelter v. Twin Peaks Charter Acad.,*** 602 F.3d 1175, 1182 (10th Cir. 2010), *quoting* ***Brammer-Hoelter****,* 492 F.3d, 1192, 1209 (10th Cir. 2007).

Plaintiff has not alleged facts sufficient to establish a prior restraint First Amendment claim. In addition to failing to establish any of the prerequisites for a prior restraint claim under the First Amendment, Plaintiff notably does not allege that he was unable to record or publish video of the DUI investigation, or that he was unable to reposition himself to record the scene. He does not allege that Officer Yehia instructed him not to record, took his cell phone, or otherwise prevented him from recording.

Second, although not clear from Plaintiff's Complaint, Plaintiff seems to argue that Agent Yehia's alleged actions were taken in retaliation for Plaintiff's engagement in actions protected by

the First Amendment. "'[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett,* 139 S.Ct. 1715, 1722, *quoting **Hartman v. Moore**, 547 U. S. 250, 256 (2006).* "If an official takes adverse action against someone based on that forbidden motive, and "nonretaliatory grounds are in fact insufficient to provoke the adverse consequences," the injured person may generally seek relief by bringing a First Amendment claim." *Id.* The Tenth Circuit has "adopted the following test to assess a claim of retaliation for exercising one's freedom of speech "against a defendant who is neither an employer nor a party to a contract with the plaintiff," as is the case here. *See id. at 1213*. Such a plaintiff must prove: (1) he was engaged in constitutionally protected activity; (2) the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Smith v. Plati,* 258 F.3d 1167, 1176 (10th Cir. 2001). Moreover, a plaintiff must prove that any retaliatory motive was the "but-for" cause of the alleged injury. *Nieves, supra,* at 1722.

Here, Plaintiff cannot meet any of the elements to establish a violation of his First Amendment rights as a matter of law. Plaintiff's actions are not protected speech under the First Amendment, as videotaping a police officer's actions in public spaces is not protected activity under the First Amendment in the 10th Circuit. *See **Mocek v. City of Albuquerque**,* 813 F.3d 912, 931 (10th Cir. 2015). Second, Plaintiff has not alleged facts sufficient to show that Officer Yehia's actions caused Plaintiff to suffer an injury that would chill a person from continuing to engage in

the activity. Plaintiff, in fact, does not allege that he ceased recording in light of Agent Yehia's alleged actions.

### C. ANY FIRST AMENDMENT RIGHT PLAINTIFF MAY HAVE HAD IN RECORDING THE POLICE OR HAVING A COMPLETELY UNOBSTRUCTED VIEW OF POLICE ACTIVITY WAS NOT CLEARLY ESTABLISHED

Even if Plaintiff's allegations could give rise to a violation of the First Amendment, Officer Yehia is still entitled to qualified immunity. Plaintiff argues that Officer Yehia violated his First Amendment rights by harassing him, standing in front of him, and shining a light at him, all with the intent of interfering with Plaintiff's ability to film the DUI investigation. However, there is no clearly established law from the 10th Circuit or from the U.S. Supreme Court establishing that a person has a First Amendment right to film police activity in public places. In fact, "the Tenth Circuit expressly declined to resolve whether 'there is First Amendment protection for creating audio and visual recordings of law enforcement officers in public places,' and highlighted a split of authority on the matter." ***Sandberg v. Englewood***, ***Colo.,*** 2017 U.S. Dist. LEXIS 45661, p. 12, *reversed on other grounds by* ***Sandberg v. Englewood, Colo.,*** 727 Fed.Appx. 950 (10th Cir. 2018), *citing* ***Mocek v. City of Albuquerque,*** 813 F.3d 912, 931 (10th Cir. 2015).

In addition, there are no 10th Circuit or Supreme Court cases addressing the more specific facts here: whether Defendant Yehia interfered with Plaintiff's First Amendment right by impeding his view and recording of police activity by standing between the police and Plaintiff and shining a light at Plaintiff. Thus, such a right is not clearly established, and Officer Yehia is entitled to qualified immunity on Plaintiff's First Amendment claims for prior restraint and freedom of the press.

## **CONCLUSION**

WHEREFORE, Officer Ahmed Yehia respectfully requests that this Court dismiss Plaintiff's action, with prejudice; requests an award of attorneys' fees and costs in defending this action; and for such other relief as this Court deems appropriate.

Dated this 9th day of December, 2020.

                                                Respectfully submitted,

                                                s/*Meredith L. McDonald*
                                                Meredith L. McDonald, Esq.
                                                Mark S. Ratner, Esq.
                                                Hall & Evans, LLC
                                                1001 17th Street, Suite 300
                                                Denver, CO 80202
                                                303-628-3300
                                                Fax: 303-628-3368
                                                mcdonaldm@hallevans.com
                                                ratnerm@hallevans.com
                                                ATTORNEYS FOR DEFENDANT
                                                AHMED YEHIA

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 9th day of December, 2020, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system and mailed or e-mailed a copy to the following:

Abade Irizarry
1101 West 7th Avenue
Denver, CO  80204

*s/Ramona Cruz, Legal Assistant to*
Meredith L. McDonald
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, CO 80202
T: 303-628-3300
F: 303-628-3368

ATTORNEYS FOR DEFENDANT
AHMED YEHIA